ORIGINAL

# In the United States Court of Federal Claims

No. 16-535C
(Filed: July 5, 2016)
NOT FOR PUBLICATION

FILED
JUL - 5 2016
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
| DONALD GRAVES, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES[1], | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER DISMISSING CASE

Plaintiff Donald Graves ("Plaintiff"), acting *pro se*, filed this Complaint on April 27, 2016. In his Complaint Plaintiff asserts that his confinement in a psychiatric institution violates the Fifth, Eighth and Fourteenth Amendments; 42 U.S.C. §§1983 and 1985; and criminal law. *See* Compl at 1. He requests $500 billion in damages. In response to Plaintiff's Complaint, on June 27, 2016, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, the Court dismisses the Complaint.

### I. Standard of Review and Jurisdiction

Whether a court possesses jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Although *pro se* pleadings are held to a less stringent standard than those drafted by a lawyer, *Haines*, 404 U.S. at 520-21, "a court may *not* similarly take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only." *Kelley*, 812 F.2d at 1380 (emphasis added).

This Court's jurisdiction comes from the Tucker Act, 28 U.S.C. § 1491. The Tucker Act limits this Court's jurisdiction to monetary claims "*against the United States* founded

---

[1] Plaintiff purports to bring suit against the United States as well as its "co-corporations" and "employee." The only proper defendant in this Court is the United States. 28 U.S.C. § 1491(a)(1)(2012). The Court dismisses the additional defendants and the caption has been properly reflected to indicate such.

1

either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon an express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* at § 1491(a)(1) (emphasis added). The Tucker Act itself is only a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976) (citing *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605-607 (1967)) ("[T]he [Tucker] Act merely confers jurisdiction upon [this Court] whenever the substantive right exists."). Thus, a plaintiff's claim must be for money damages based on a "money-mandating" source of substantive law. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If it is not based on a "money-mandating" source of law, a plaintiff's claim lies beyond this Court's jurisdiction. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

## II. Discussion

As far as this Court can discern, everything in this Complaint revolves around Plaintiff's confinement in a psychiatric institution due to a criminal conviction. With regard to his confinement, Plaintiff first claims violations under the Fifth, Eighth and Fourteenth Amendments. Although this Court has jurisdiction to hear cases under the Fifth Amendment's taking clause, Plaintiff does not allege a taking claim. Instead, it appears that he is claiming due process violations as well as cruel and unusual punishment. *See generally* Compl. However, the due process provisions of the Fifth and Fourteenth Amendments to the Constitution and the Eighth Amendment prohibition on cruel and unusual punishment do not mandate the payment of monies and are, therefore, outside this Court's jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (the Due Process Clause of the Fifth and Fourteenth Amendment is not a sufficient basis for jurisdiction because it does not mandate payment of money by the government); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007)( "[T]he Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'") (citations omitted.). Therefore, these claims must be dismissed.

Plaintiff further claims civil rights violations under sections 1983 and 1985 of Title 42. These too are outside the jurisdiction of this court as they are not based on any money-mandating provision and must be dismissed. *See Ramirez v. United States*, 239 F.App'x 581, 583 (Fed. Cir. 2007) (no jurisdiction over civil rights claims based under section 1983 and 1985 of Title 42).

And finally, Plaintiff's claims of criminal conspiracy and/or criminal tortious acts, *see* Comp 1, which are also outside the jurisdiction of this Court warranting dismissal as well. *See Joshua v. United States*, 17 F.3d. 378, 379-80 (Fed. Cir. 1994) (no jurisdiction over criminal matters); *Bru'ton v. United States*, No. 2015-5087, 2015 WL 5915900, at *1 (Fed. Cir. Oct. 9, 2015) (unpublished) (no jurisdiction over tort claims).

Although Plaintiff has not specifically requested a transfer of this case to a district court, the Court considers the possibility because Plaintiff is acting *pro se*. In order to transfer a case, the Court must determine that (1) it lacks subject matter jurisdiction, (2) the case could have been brought in the transferee court at the time the case was filed, and (3)

that a transfer is "in the interest of justice." 28 U.S.C. § 1631. As it does not appear that there is any plausible, non-futile basis to transfer Plaintiff's claims to another court, the Court finds that transferring the case would not be in the interest of justice.

### III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's Complaint must be DISMISSED for lack of subject matter jurisdiction. Because the case is dismissed, Plaintiff's pending motion for leave to proceed *in forma pauperis* is DENIED, as moot. The Clerk is directed to dismiss Plaintiff's Complaint without prejudice.

VICTOR J. WOLSKI
Judge
  For
EDWARD J. DAMICH
Senior Judge